[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A defendant shall not be tried while he is not competent. Generally, a defendant is presumed to be competent.
In previous competency hearings relevant to this defendant the court, on November 28, 2001 and February 25, 2002, found the defendant not
competent to stand trial. Accordingly, in this case the state cannot rely on the presumption of competency.
The court conducted a more recent hearing relevant to the defendants competency. The hearing commenced on June 19, 2002 and the matter was continued to August 14, 2002.
Upon review of the entire record this court finds that the defendant does understand the nature of the charges pending against him, however, CT Page 10739 this court is of the opinion that he cannot assist counsel in his defense in any meaningful way. The court finds the defendant not competent to stand trial.
Although the issue of whether the defendant, if provided with a course of treatment, will regain competency within the maximum period of any placement order was not addressed directly, the court finds from the record and the respective reports that the defendant will regain competency within such period.
Accordingly, the defendant is to remain in the custody of the Department of Mental Health and Addiction Services to be restored to competency, on an inpatient basis at the least restrictive placement appropriate and available to restore competency.
The matter is continued for a period of 90 days, pursuant to General Statute § 54-56d (k), in order for a hearing to be held for re-consideration of the issue of the defendant's competency.
Miano, J.